Filed 2/5/21  P. v. Barnett CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E075534 |
| v. | (Super.Ct.No. RIF1301306) |
| CARY EUGENE BARNETT, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Affirmed.

Susan S. Bauguess, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Cary Eugene Barnett appeals from an order of the Riverside County Superior Court summarily denying his petition for modification of his sentence to strike three enhancements added to his term.

1

## BACKGROUND

A jury found defendant guilty of two counts of assault with a semiautomatic firearm and found true the attendant allegations that he personally used a firearm during the commission of each of those felonies (Pen. Code,[1] §§ 245, subd. (b), 12022.5, subd. (a)), drawing and exhibiting a firearm in a threatening manner and in the presence of another occupying a motor vehicle on a highway (§ 417.3), and possession of a firearm by a convicted felon (§ 29800, subd. (a)(1)). Defendant admitted a prior prison term conviction. In January 2014, he was sentenced to a total of 15 years in state prison, which included five years four months imposed for the two enhancements for personal use of a firearm and one year for the prior prison term enhancement.

Defendant appealed the judgment to this court, and we affirmed. (*People v. Barnett* (Feb. 3, 2015, E060400) [nonpub. opn.], review den. Apr. 22, 2015.) We granted defendant's request for judicial notice of the record and opinion in that appeal.

On March 16, 2020, defendant petitioned the trial court for modification of his sentence on the grounds that the laws requiring the court to impose the enhancements to his sentence had changed. He pointed out that Senate Bill No. 1393 amended section 667 to make discretionary the addition of a five-year term for a prior serious felony, which theretofore had been mandatory. (Stats. 2018, ch. 1013, § 1, eff. Jan. 1, 2019.) He also noted that Senate Bill No. 136 amended section 667.5 to restrict prior prison term enhancements to terms served for sexually violent offenses. (Stats. 2019, ch. 590 § 1, eff.

---

[1] All further statutory references are to the Penal Code.

Jan. 1, 2020.)  The court summarily denied the petition.  Defendant appealed, and we appointed counsel to represent him.

## DISCUSSION

Defendant's counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S 738, setting forth a statement of the case, a summary of the facts, and four potential arguable issues: (1) whether the trial court had jurisdiction to modify defendant's sentence; (2) whether the trial court erred when it denied defendant's petition for resentencing in light of Senate Bill No. 1393; (3) whether the trial court erred when it denied defendant's petition for resentencing in view of the amendment to section 12022.5, subdivision (a) (the use-of-firearm enhancement), Senate Bill No. 620 (Reg. Sess. 2017-2018), effective January 1, 2018; and, (4) whether the court erred when it denied defendant's request to strike the one-year term imposed for the prior prison term enhancement in light of the amendment to section 667.5 deleting that enhancement in all cases except for specified felonies not applicable in this case.  Counsel contends this court is required to undertake review of the entire record because the brief does not raise a specific issue.

When, in an indigent defendant's first appeal of right, appointed appellate counsel files an opening brief that does not present an arguable issue, it is well settled that the appellate court is required to offer the defendant an opportunity to submit a personal supplemental brief and to review the entire record whether or not the defendant files a brief.  (*Wende*, *supra*, 25 Cal.3d at pp. 441-442.)

We acknowledge *People v. Cole* (2020) 52 Cal.App.5th 1023, 1032, review granted October 14, 2020, S264278, held the constitutional bases for *Wende* procedures apply only to a defendant's direct appeal from the judgment.  We also recognize, however, that we have discretion to exercise our inherent supervisory powers to apply *Wende* procedures to appeals from denials of postconviction relief in which appointed appellate counsel files a no-issues brief.  (*Cole*, at pp. 1038-1039 [Second App. Dist., Div. Two, did not review the record and exercised discretion to dismiss the appeal as abandoned when defendant did not file a supplemental brief]; *People v. Flores* (2020) 54 Cal.App.5th 266, 269, 273-274 [Div. Three of this court exercised discretion to conduct independent review of the record even though defendant did not file a supplemental brief]; see generally *Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 544, fns. 7, 8 [court has inherent power to retain or dismiss an appeal from a conservatorship proceeding upon receipt of a no-issues brief from appointed counsel].)

In this case, appointed appellate counsel filed a no-issues brief in an appeal from orders denying an indigent defendant postconviction relief.  We offered defendant an opportunity to file a personal supplemental brief, which he has not done.  We exercised our discretion to conduct an independent review of the record in keeping with *People v. Kelly* (2006) 40 Cal.4th 106, and found no arguable issues.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ_____

P. J.

We concur:

McKINSTER_____

              J.

MILLER_____

              J.